# JULIA MONTALVO

*v.*

# AMERICAN RAILROAD COMPANY.

---

San Juan, Law, No. 1196.

WHAT IS A SEVERE INTERNAL INJURY.

Internal Injury—Indirect Result.
> It is error, under the allegation of severe internal injury, to allow evidence of the permanent effects of such injury upon the use of an arm.

Opinion filed April 19, 1918.

---

· Mr. H. R. *Francis* for plaintiff.

Mr. F. H. *Dexter* for defendant.

·· HAMILTON, Judge, delivered the following opinion:

·An amendment was made to the complaint herein when the case was called for trial, and the defendant claims that evidence introduced of fracture of a clavicle should not have been admitted under the allegation of "severe internal or external injury." The complaint contains an allegation of the fracture of a rib, and the amendment as first proposed went further and

covered the fracture of a collar bone. Defendant objected to this amendment on the ground that it would be a departure to allege the breaking of one bone, and then, after he had prepared upon that theory, to amend and bring in evidence of fracture of other bones. To this the court agreed. The general expression, "severe internal or external injury," however, remained, and under it the witness for the plaintiff testified as to the breaking of a clavicle, stating that this was a severe internal injury. Defendant objected and took exception at the time.

Upon consideration now of a motion for a new trial, the court is satisfied that an error was committed in permitting this evidence to be introduced. This did not appear at the moment, because the breaking of a clavicle might well come under the head of a severe internal or external injury; but the evidence introduced went further, and related not only to such injury, but to the effects of such injury upon the use of the arm. It appears that the use of the arm was permanently impaired, and if this was not the gist, at least it was a very important part of the plaintiff's case. This being so, the defendant was entitled to be informed of the fact in advance, so as to prepare his defense accordingly.

While, therefore, the admission of the direct evidence may have been technically within the issue, the court is satisfied that injustice may have resulted to the defendant, and thinks it would be best to grant a new trial, which would permit the plaintiff to amend her complaint so as to show the exact nature of the injury, and thus give the defendant proper opportunity to defend the case. This, of course, has no relation to the parties themselves, but to enable the evidence upon the

Montalvo v. American Railroad Co.

whole transaction to be satisfactorily prepared and presented to the court and jury.

The motion for a new trial is granted.

It is so ordered.